**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NARAIN BHOJWANI, *Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>          vs.<br><br>EVANGELOS J. PISTOLIS, STAMATIOS N. TSANTANIS and TOP TANKERS, INC,<br><br>                    Defendants. | Electronically Filed<br><br><br>Civil Action No. 1:06-cv-13761-RCC<br><br>(ECF Case) |
| EVELYN CARTER, *Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>          vs.<br><br>TOP TANKERS, INC., EVANGELOS J. PISTIOLIS, and STAMATIOS N. TSANTANIS,<br><br>                    Defendants. | Civil Action No. 1:06-cv-14323-RCC<br><br>(ECF Case) |
| STEVEN I. LIPSHUTZ, *Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>          vs.<br><br>TOP TANKERS, INC., EVANGELOS J. PISTIOLIS, and STAMATIOS N. TSANTANIS,<br><br>                    Defendants. | Civil Action No. 1:06-cv-15201-RCC<br><br>(ECF Case) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION
OF JOSEPH A. DESHAYES, JR. TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL,
<u>AND IN OPPOSITION TO ALL COMPETING MOTIONS</u>**

| | |
|---|---|
| JOHN E. DRURY and OBAID AHMAD, *Individually and on behalf of all others similarly situated,*<br><br>      Plaintiff,<br><br>  vs.<br><br>TOP TANKERS, INC., EVANGELOS J. PISTIOLIS, and STAMATIOS N. TSANTANIS,<br><br>      Defendants. | Civil Action No. 1:06-cv-15268-RCC<br><br>(ECF Case) |
| WAHID ABOUELHIGA, *Individually and on behalf of all others similarly situated,*<br><br>      Plaintiff,<br><br>  vs.<br><br>TOP TANKERS, INC., EVANGELOS J. PISTIOLIS, and STAMATIOS N. TSANTANIS,<br><br>      Defendants. | Civil Action No. 1:06-cv-15294-RCC<br><br>(ECF Case) |
| RALPH H. STAUNTON, *Individually and on behalf of all others similarly situated,*<br><br>      Plaintiff,<br><br>  vs.<br><br>EVANGELOS J. PISTOLIS, STAMATIOS N. TSANTANIS and TOP TANKERS, INC,<br><br>      Defendants. | Civil Action No. 1:06-cv-15519-RCC<br><br>(ECF Case) |

[Captions continued on next page]

| | |
|---|---|
| WAIFONG LEE, *Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>            vs.<br><br>TOP TANKERS, INC., EVANGELOS J. PISTIOLIS, and STAMATIOS N. TSANTANIS,<br><br>                    Defendants. | Civil Action No. 1:07-cv-00021<br><br>(ECF Case) |
| STUART BASS, *Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>            vs.<br><br>EVANGELOS J. PISTOLIS, STAMATIOS N. TSANTANIS and TOP TANKERS, INC,<br><br>                    Defendants. | Civil Action No. 1:07-cv-00347-RCC<br><br>(ECF Case) |
| EDWARD FRITSCHE, *Individually and on behalf of all others similarly situated,*<br><br>                    Plaintiff,<br><br>            vs.<br><br>TOP TANKERS, INC., EVANGELOS J. PISTIOLIS, and STAMATIOS N. TSANTANIS,<br><br>                    Defendants. | Civil Action No. 1:07-cv-00573<br><br>(ECF Case) |

[Captions continued on next page]

| | |
|---|---|
| HERTA AND JOHN BENSCH, *Individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>   vs.<br><br>EVANGELOS J. PISTIOLIS, STAMATIOS N. TSANTANIS, and TOP TANKERS, INC.,<br><br>        Defendants. | Civil Action No. 1:07-cv-00726<br><br>(ECF Case) |

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... **ii**

**PRELIMINARY STATEMENT** ............................................................................................... **1**

**ARGUMENT** ............................................................................................................................. **5**

**I.   UNDER THE PSLRA, THE COLE GROUP SHOULD NOT BE
      APPOINTED AS LEAD PLAINTIFF** ........................................................................... **5**

    **A. The Trading Data Submitted By The Cole Group Is Inaccurate
      and Unreliable** ............................................................................................................... **5**

    **B. The Cole Group Is Not A Proper "Group Of Persons," Nor
      Has It Demonstrated That It Is An Adequate Lead Plaintiff** ........................................ **6**

**II.  MR. DESHAYES IS THE MOST ADEQUATE PLAINTIFF
      UNDER THE PSLRA** .................................................................................................... **9**

**CONCLUSION** ........................................................................................................................ **11**

# **TABLE OF AUTHORITIES**

## **CASES**

*Ariail v. Xethanol Corp.*,
   No. 1:06-cv-10234-HB (S.D.N.Y. filed Jan. 18, 2007) ............................................................9

*In re Baan Co. Sec. Litig.*,
   186 F.R.D. 214 (D.D.C. 1999)..................................................................................................7

*In re Cable & Wireless, PLC, Sec. Litig.*,
   217 F.R.D. 372 (E.D. Va. 2003) ...............................................................................................2

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).................................................................................................3, 4

*Clair v. DeLuca*,
   232 F.R.D. 219 (W.D. Pa. 2005) ..............................................................................................8

*In re Donnkenny Inc. Sec. Litig.*,
   171 F.R.D. 156 (S.D.N.Y. 1997) ..............................................................................................4

*In re Gemstar-TV Guide Int'l Sec. Litig.*,
   209 F.R.D. 447 (C.D. Cal. 2002) ..............................................................................................7

*In re Microstrategy Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ...................................................................................2, 6

*Nager v. Websecure, Inc.*,
   No. 97-10662-GAO, 1997 U.S. Dist. LEXIS 19601 (D. Mass. Nov. 26,1997) ...............................6

*In re Network Assocs. Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) ......................................................................................8

*Parnes v. Digital Lightwave*,
   No. 99-11293 (11th Cir. Aug. 25, 1999)..................................................................................8

*In re Pfizer Inc. Sec. Litig.*,
   No. 04 Civ. 9866 (RO), 2005 U.S. Dist. LEXIS 24891 (S.D.N.Y. Oct. 21, 2005) ...................4

*In re Razorfish, Inc. Sec. Litig.*,
   143 F. Supp. 2d 304 (S.D.N.Y. 2001).......................................................................................4

...

*Rozenboom v. VanDer Moolen Holding, N.V.*,
    No. 03 Civ. 8284 (RWS), 2004 U.S. Dist. LEXIS 6382 (S.D.N.Y Apr. 14, 2004)....................3

*In re Safeguard Scientifics,*
    216 F.R.D. 577 (E.D. Pa. 2003).........................................................................................6

*Schriver v. Impac Mortgage Holdings, Inc.,*
    No. SACV 06-31CJC (RNBx), 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 2,
    2006) ................................................................................................................................7

*Shi v. Sina Corp.*,
    No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176 (S.D.N.Y. July 1, 2005)...............1, 9

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...........................................................................................1

Proposed Lead Plaintiff, Joseph A. DeShayes, Jr., individually and on behalf of Ann P. DeShayes (his wife), Susan C. Keenan and Joel M. Keenan (his daughter and son-in-law), and On Site Drapery Cleaning, Inc. (as trustee) (collectively hereinafter, "Mr. DeShayes") respectfully submits this memorandum of law in further support of his motion to consolidate actions, to be appointed Lead Plaintiff and for approval of Lead Plaintiff's selection of Lead Counsel and Liaison Counsel and in opposition to all competing motions for Lead Plaintiff.[1]

## PRELIMINARY STATEMENT

The PSLRA requires the Court to appoint as lead plaintiff the "person or group of persons" with the "largest financial interest" and who "otherwise satisfies the requirements of Federal Rule of Civil Procedure 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Shi v. Sina Corp.*, No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176, at *5 (S.D.N.Y. July 1, 2005).

The Cole Group, an unorthodox cobbling of an "institution" (which claims losses of $98,535) and an individual (who claims losses of $1,101,465), claims aggregated losses of $1.2 million.  However, the Cole Group's transactional information, required to support their claimed losses, is demonstrably inaccurate and unreliable; as a result, this Court cannot reasonably assess the Cole Group's true financial interest in this action, as necessary, and, therefore, cannot reasonably conclude that the Cole Group has the largest financial interest in this matter.

On February 9, 2007, the Cole Group first filed its lead plaintiff motion in which it claimed aggregated losses of $1,231,639[2] and purportedly provided accurate trading data in

---

[1] There are currently eight lead plaintiff motions pending:  (1) Fred L. Cole, Jr. and Bryant Holdings, LLC ("Cole Group"); (2) Mr. DeShayes; (3) Robert B. Howard, Charles Balascio, John T. Hickey, Terry L. Spencer, and Ellen J. Feldman ("Howard Group"); (4) Stephen F. Davis, Robert C. Maison, Bernard Sampson, and George and Ourania Theophanous ("Davis Group"); (5) Doug Corner, C.J. and Imogene L. Crawley, Remo C. Cuniberti, Betty C. Gaw, and William E. Powell ("Gaw Group"); (6) Jerry Burns; (7) Breck Jacobs; and (8) Carlos Atik.

[2] Interestingly, in their February 9, 2007 motion, the Cole Group reported two different loss numbers, $1,123,778 and $1,231,639.  *See* Memorandum In Support Of The Bryant Holdings, LLC Shareholder Group's Motion, and Declaration Of Kim E. Miller In Support Of The Motion Of The Bryant Holdings, LLC Shareholder Group To

support. Then, on February 12, 2007, the Cole Group filed a "corrected" motion, modifying its aggregated claimed losses to $1,200,000. In connection therewith, the Cole Group provided new and/or different trading data to support its "corrected" loss number. The fact that trading data had to be corrected to reflect new and/or different trading data is extremely troubling, especially when the Court must first identify the movant with the largest financial interest.

Further, and even more troubling is the fact that a significant part of the "corrected" trading data is inaccurate. For example, there are numerous transactions which do not comport with the trading range for the given day, there are numerous transactions which occurred on non-trading days (such as weekends or holidays), and there is an entire account (Cole Account No. 671) for which no dates are provided for the purported purchase transactions. Simply put, the trading data is inaccurate and, at a minimum, completely unreliable. As such, it is impossible for the movants, as well as the Court, to properly assess the Cole Group's true financial losses and, as a result, there is no basis to conclude that the Cole Group has the largest financial interest. Failure to demonstrate accurate or reliable financial losses provides an independent basis for rejecting the Cole Group's lead plaintiff application. *In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 436-437 (E.D. Va. 2000) (proposed lead plaintiff rejected for submitting "indecipherable financial statements").

Moreover, even assuming for the sake of argument that the Cole Group's stated loss is accurate and reliable, "[a] movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003). As demonstrated herein, the Cole Group fails to meet this second statutory requirement.

---

Consolidate Related Actions; To Be Appointed Lead Plaintiffs; And To Approve Proposed Lead Plaintiffs' Choice Of Counsel ("Miller Decl.").

2

The Cole Group has failed to provide even the most basic information about its members, such as (i) their respective backgrounds and experience, (ii) their relationship, if any, with each other, (iii) how and why these two investors came together to file a joint lead plaintiff motion, (iv) whether they have a plan for how they intend to make decisions and supervise counsel, and (v) whether they share the same decision-making authority in light of their relatively incongruent financial losses, as claimed.[3]

Based on the absence of information in its opening papers describing its two members, the Cole Group has essentially asked this Court to simply rubber-stamp its motion. However, as courts in this District and elsewhere have made abundantly clear, "[t]he mere fact that movants have chosen to ally themselves and present themselves to the court as candidates for co-lead plaintiffs does not oblige the court to accept the arrangement." *Rozenboom v. VanDer Moolen Holding, N.V.,* No. 03 Civ. 8284 (RWS), 2004 U.S. Dist. LEXIS 6382, at *10 (S.D.N.Y Apr. 14, 2004). Instead, this Court should resist the Cole Group's bid to put form over substance, and require these would-be fiduciaries to actually demonstrate why its two proposed lead plaintiffs – two seemingly unaffiliated investors with incongruent financial interests – would adequately represent the interests of the putative Class.

How members of unaffiliated groups, such as the Cole Group, came together and how they intend to manage this litigation are considerations many courts have deemed to be outcome-determinative because these matters speak directly to whether a group is capable of providing the adequate representation for the Class demanded by the PSLRA. *See In re Cendant Corp. Litig.*,

---

[3] On February 16, 2007, counsel for Mr. DeShayes sent a letter to counsel for the Cole Group requesting some basic, non-intrusive identifying information on one of its members. *See* Christopher J. Keller letter to Lewis S. Kahn, attached as Exhibit A to the Declaration of Andrei V. Rado In Further Support Of The Motion Of Joseph A. DeShayes, Jr. To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel and Liaison Counsel ("Rado Decl."). Specifically, a preliminary investigation by counsel to Mr. DeShayes revealed that certain serious crimes had been committed by an individual with the same name as one of the members of the Cole Group. Absent additional identifying information, it is impossible to rule out that the crimes were committed by a member of the Cole Group. The Cole Group ignored this request.

264 F.3d 201, 266-67 (3d Cir. 2001) ("We do not intimate that the extent of the prior relationships and/or connection between the members of a movant group should not properly enter into the calculus of whether that group would 'fairly and adequately protect the interests of the class,' but it is this test, not one of relatedness, with which courts should be concerned."); *but see In re Pfizer Inc. Sec. Litig.,* No. 04 Civ. 9866 (RO), 2005 U.S. Dist. LEXIS 24891, at *7 (S.D.N.Y. Oct. 21, 2005) ("To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff."); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 309 (S.D.N.Y. 2001) (same); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) ("to allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation").

By way of contrast, Mr. DeShayes suffered financial losses of $677,073 and has provided the Court with accurate and reliable trading data in support.[4] Unlike the members of the Cole Group, Mr. DeShayes also provided this Court with sufficient background information relating to his experience and qualifications to serve as lead plaintiff in his opening brief as well as in a Declaration submitted in further support. *See* DeShayes Opening Brief at 8-9[5]; DeShayes Decl.[6] Thus, Mr. DeShayes is the only movant who has sufficiently demonstrated both that he has the largest financial interest and otherwise satisfies the typicality and adequacy requirements of Rule

---

[4] Notably, only the Cole Group claims to have a larger financial interest ($1,200,000) in this litigation than Mr. DeShayes ($677,073).

[5] Memorandum of Law In Support Of The Motion Of Joseph A. DeShayes, Jr. To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel ("DeShayes Opening Brief").

[6] Declaration Of Joseph A. DeShayes, Jr. In Further Support Of His Motion To Consolidate Actions, Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection of Lead Counsel And Liaison Counsel ("DeShayes Decl.") attached as Exhibit B to the Rado Decl.

23. *See* Exhibit A to Keller Decl.[7]; DeShayes Decl. Accordingly, this Court should appoint Mr. DeShayes as lead plaintiff and approve his selection of lead and liaison counsel.

## ARGUMENT

I. **UNDER THE PSLRA, THE COLE GROUP SHOULD NOT BE APPOINTED AS LEAD PLAINTIFF**

   A. **The Trading Data Submitted By The Cole Group Is Inaccurate and Unreliable**

On February 9, 2007, the Cole Group filed its initial lead plaintiff motion including sworn Certifications of its members which, purportedly, provided "true and correct" trading data in support of its claimed losses of $1,231,639. *See* Cole Group Original Certs.[8] and Cole Group Original Loss Chart.[9] Then, only three days later on February 12, 2007, the Cole Group filed a "corrected" lead plaintiff motion "to account for the impact of certain 'Wash Trades.'" *See* Cole Group Amended Motion.[10] In addition, the Cole Group submitted corrected trading data and modified its claimed financial losses to $1,200,000. *See* Cole Group Amended Motion at 1, n.1 stating that "[m]ovants incorrectly extrapolated the effect of such [wash] trades on Movant Cole's initial loss spreadsheet").[11]

The Cole Group's "corrected" data, however, is rife with errors. The purportedly "true and correct" trading data – the second time around – includes many transactions which do not

---

[7] *See* Sworn Certifications of Joseph A. DeShayes, Jr. attached as Exhibit A to the Declaration Of Christopher J. Keller In Support Of The Motion Of Joseph A. DeShayes, Jr. To Consolidate Actions, Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel ("Keller Decl.").

[8] *See* Sworn Certifications of Cole Group attached as Exhibit A to Miller Decl.

[9] *See* Loss Chart of Cole Group attached as Exhibit C to Miller Decl.

[10] *See* Corrected Motion Of The Bryant Holdings, LLC Shareholder Group To Consolidate Related Actions; To Be Appointed Lead Plaintiffs; And To Approve Proposed Lead Plaintiffs' Choice Of Counsel ("Cole Group Amended Motion").

[11] The wash sale rule is a tax rule, and should have no application or relevance to Mr. Cole presenting actual trading data and losses for purposes of this litigation.

5

comport with actual trading days (weekends or holidays), do not comport with actual trading ranges (some over $10 out of the range) for given days, and/or do not provide basic required trading information (purchase dates). A chart of the inaccuracies from the Cole Group's "corrected" trading data is attached as Exhibit C to Rado Decl. Indeed, approximately 470 trades of the "corrected" data are either inaccurate or incomplete.[12]

The shear volume of these errors and the fact that it is impossible to properly calculate the group's financial losses render the Cole Group's claimed financial interest completely unreliable, which therefore undermines the credibility of the Cole Group's application for consideration. Indeed, under far less egregious circumstances, courts have not hesitated to reject lead plaintiff applications on the basis that the underlying trading data was unreliable. *See, e.g., Nager v. Websecure, Inc.,* No. 97-10662-GAO, 1997 U.S. Dist. LEXIS 19601, at *3 (D. Mass. Nov. 26,1997) (where a movant reported one transaction outside the trading range for a particular day, "[t]he inaccuracy in the [movant's] affidavit may be explainable, but it casts sufficient doubt on [the movant's] adequacy as a representative plaintiff that he should be excluded" from serving as lead plaintiff); *Microstrategy,* 110 F. Supp.2d at 436-437 (proposed lead plaintiff rejected for submitting "indecipherable financial statements"); *In re: Safeguard Scientifics,* 216 F.R.D. 577, 582-583 (E.D. Pa. 2003) ("serious concerns with credibility" arising from inaccurate trading information).

### B. The Cole Group Is Not A Proper "Group Of Persons," Nor Has It Demonstrated That It Is An Adequate Lead Plaintiff

Although the PSLRA explicitly allows for the appointment of a "group of persons" as lead plaintiff, courts have not interpreted this provision as a blanket approval for all groups. Most courts evaluate whether a lead plaintiff group is appropriate based on a "rule of reason," an

---

[12] It is worth noting that even the trading data and corresponding financial losses for Bryant Holdings – for which there are no apparent wash sales – required modification.

approach advocated by the Securities and Exchange Commission.  *See In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216-217 (D.D.C. 1999).  This approach requires that a group seeking lead plaintiff status provide information regarding:  (1) personal and professional backgrounds of the group's members; (2) an explanation of why each member sought lead plaintiff status as a member of a group; (3) an explanation of how its members intend to function collectively; and (4) a description of the mechanism that its members and the proposed lead counsel established to communicate with one another about the litigation.  *See Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *27 (C.D. Cal. May 2, 2006) (rejecting movant group with largest financial interest for failing to provide evidence of its cohesiveness and concluding that "groups of unrelated investors, while not per se impermissible lead plaintiffs under the PSLRA, are not adequate class representatives absent a showing that they are able to coordinate their efforts in the litigation").

Other than their names, the Cole Group offers no information about its members in both its initial motion and its "corrected" motion.  Indeed, we know nothing of the Cole Group's members' backgrounds, experience, or qualifications to serve as lead plaintiff.  Furthermore, the Cole Group has failed to offer any information as to (i) whether and why its members elected to move for lead plaintiff as part of a group; (ii) how its members intend to function as a group, including communicating with each other and with counsel, making decisions, and overseeing counsel regarding the litigation.[13]  *See In re Gemstar-TV Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 451-52 (C.D. Cal. 2002) (refusing to appoint unrelated group where it provided "no explanation of its alleged procedures and rules that will govern their decision making process" or "any

---

[13] Of the eight lead plaintiff movants, four movants (including the Cole Group) are groups.  None of these groups has offered any information which demonstrates the adequacy of their group or its members.  Likewise, the three individual movants have failed to offer any information regarding their adequacy.  Nevertheless, all competing movants, but the Cole Group, claim a lesser financial interest in this litigation than Mr. DeShayes, and, therefore, cannot be considered the most adequate plaintiff.

7

credible explanation for the group's creation"); *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999) (quoting *Parnes v. Digital Lightwave*, No. 99-11293 (11th Cir. Aug. 25, 1999), Amicus Brief of Securities and Exchange Commission at 12, 15):

> To enable the court to assess whether the proposed group is capable of performing the lead plaintiff function, it should provide appropriate information about its members, structure, and intended functioning. Such information should include descriptions of its members, including any pre-existing relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation. If the proposed group fails to explain and justify its composition and structure to the court's satisfaction, its motion should be denied or modified as the court sees fit.

*See also Clair v. DeLuca*, 232 F.R.D. 219, 227 (W.D. Pa. 2005) (court refused to grant unopposed lead plaintiff motion of husband and wife because they provided no information beyond the statutory certification). Without this information, the Court has no basis from which it can reasonably evaluate whether the Cole Group can adequately protect the interests of the putative Class.

As part of a routine adequacy check, counsel for Mr. DeShayes performed a search by name for "Fred L. Cole, Jr." This search uncovered several individuals with the same name who have been convicted of crimes, such as forgery, federal drug distribution, counterfeiting, child molestation and a litany of other criminal charges. Having no way to distinguish the Fred L. Cole, Jr., who is a proposed lead plaintiff and a member of the Cole Group, from those who may have committed these offenses, counsel for Mr. DeShayes contacted counsel for the Cole Group and requested additional, non-intrusive identifying information on Mr. Cole. Counsel for the Cole Group ignored this request.

The refusal to provide this information is particularly troubling because, in a recent case in this District, counsel for the Cole Group was counsel for a proposed lead plaintiff group that

8

had among its members a convicted felon. The convicted felon withdrew his application for lead plaintiff once these facts were presented to the court by counsel for Mr. DeShayes, who represented a competing movant in that case. *See* Schehin Withdrawal.[14] *See also Shi v. Sina Corp.*, No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176, at *15 (S.D.N.Y. July 1, 2005) (rejecting group with largest financial interest due to largest group member having a previous criminal conviction).

Because the Cole Group failed to provide any identifying or other supporting information about its members in its papers, or upon request, it is, and remains, unclear how this Court can properly determine that the Cole Group (or its individual members) has demonstrated its adequacy to lead the putative Class in this litigation.

## II.   MR. DESHAYES IS THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA

Mr. DeShayes is the only movant who has sufficiently demonstrated that he has the largest financial interest and that he is otherwise typical and adequate to serve as lead plaintiff. With financial losses of $677,073, only the Cole Group claims a larger financial interest than Mr. DeShayes. However, as demonstrated herein, the Cole Group's trading data is materially flawed and its reported financial losses are completely unreliable. In addition, the Cole Group has come nowhere near its burden of demonstrating that it is otherwise typical and adequate to serve as lead plaintiff. In fact, absent any qualifying information about its members, coupled with the host of questions raised about Mr. Cole specifically and the group generally, this Court cannot rightfully conclude that the Cole Group is an adequate plaintiff.

In stark contrast to the Cole Group, however, Mr. DeShayes has submitted in support of his lead plaintiff application: (i) a sworn Certification detailing his actual transactions and

---

[14] Notice Of Withdrawal Of Martin Schehin As A Member Of The Counsell Proposed Lead Plaintiff Group, *Ariail v. Xethanol Corp.*, No. 1:06-cv-10234-HB, (S.D.N.Y. filed Jan. 18, 2007) ("Schehin Withdrawal") attached to Rado Decl. at Exhibit D.

attesting to his willingness to serve as Lead Plaintiff (*see* Keller Decl. at Exhibit A); (ii) a loss chart which accurately reflects his financial losses (*see* Keller Decl. at Exhibit C); and (iii) a Declaration, which offers additional background and qualifying information and emphasizes his commitment to this litigation (*see generally* DeShayes Decl.).  Specifically, Mr. DeShayes is an entrepreneur who began his own dry cleaning and housing cleaning business, On Site Drapery Cleaning, Inc. ("On Site") over 25 years ago.  DeShayes Decl. at ¶ 3.  Mr. DeShayes is currently employed by On Site, which is now owned by his son, and is in charge of On Site's retirement investment account.  *Id*.  With over 10 years of experience investing in the market, through brokers and now on his own, Mr. DeShayes is amply qualified to lead this litigation and protect the interests of the Class.  *Id*. at ¶ 4.  Mr. DeShayes also executed a retainer and fee agreement with competent and experienced counsel.  *Id*. at ¶ 5.

Based on the movants' respective filings and documents in support, it is clear that only Mr. DeShayes has demonstrated having the largest financial interest and his adequacy to lead this litigation as a lead plaintiff.  As such, Mr. DeShayes in the most adequate plaintiff and should be appointed as lead plaintiff in this litigation.

**CONCLUSION**

For the foregoing reasons, Joseph DeShayes respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Joseph DeShayes as Lead Plaintiff; (c) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (d) approve Labaton Sucharow & Rudoff, LLP as Liaison Counsel for the Class.

Dated: March 2, 2007

Respectfully submitted,

**LABATON SUCHAROW & RUDOFF LLP**

By: */s   Andrei V. Rado (AR-3724)*
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
100 Park Avenue
New York, New York 10017
Telephone:   (212) 907-0700
Facsimile:   (212) 818-0477

**Proposed Liaison Counsel**

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Stuart L. Berman
Sean M. Handler
Nicolette Tropiano
280 King of Prussia Road
Radnor, PA 19087
Telephone:   (610) 667-7706
Facsimile:   (610) 667-7056

**Proposed Lead Counsel**