UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
NARAIN BHOJWANI, individually and
on behalf of all others similarly situated,        :

              Plaintiff,        :

           -against-        :        **REPORT AND RECOMMENDATION**
                               06 Civ. 13761 (CM)(KNF)

EVANGELOS J. PISTIOLIS,        :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,        :

            Defendants.        :
------------------------------------------------------X
------------------------------------------------------X
EVELYN CARTER, individually and
on behalf of all others similarly situated,        :

              Plaintiff,        :

           -against-        :        06 Civ. 14323 (CM)(KNF)

EVANGELOS J. PISTIOLIS,        :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,        :

            Defendants.        :
------------------------------------------------------X

-------------------------------------------------------X

STEVEN I. LIPSHUTZ, individually and
on behalf of all others similarly situated,          :

               Plaintiff,          :

           -against-          :
                                   06 Civ. 15201 (CM)(KNF)

EVANGELOS J. PISTIOLIS,          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,          :

             Defendants.          :
-------------------------------------------------------X
-------------------------------------------------------X

JOHN E. DRURY, OBAID AHMAD,
and RICHARD WELLER, individually and
on behalf of all others similarly situated,          :

              Plaintiffs,          :

           -against-          :
                                   06 Civ. 15268 (CM)(KNF)

EVANGELOS J. PISTIOLIS,          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,          :

             Defendants.          :
-------------------------------------------------------X
-------------------------------------------------------X

WAHID ABOUELHIGA, individually and
on behalf of all others similarly situated,          :

              Plaintiff,          :

           -against-          :
                                   06 Civ. 15294 (CM)(KNF)

EVANGELOS J. PISTIOLIS,          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,          :

             Defendants.          :
-------------------------------------------------------X

2

```
-------------------------------------------------X
```
RALP H. STAUNTON, individually and
on behalf of all others similarly situated,          :

              Plaintiff,                          :

            -against-                          :

                                        06 Civ. 15519 (CM)(KNF)

EVANGELOS J. PISTIOLIS,                          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,                                   :

             Defendants.                     :
```
-------------------------------------------------X
-------------------------------------------------X
```
WAIFONG LEE, individually and
on behalf of all others similarly situated,          :

              Plaintiff,                          :

            -against-                          :

                                          07 Civ. 00021 (CM)(KNF)

EVANGELOS J. PISTIOLIS,                          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,                                   :

             Defendants.                     :
```
-------------------------------------------------X
-------------------------------------------------X
```
STUART BASS, individually and
on behalf of all others similarly situated,          :

              Plaintiff,                          :

            -against-                          :

                                        07 Civ. 00347 (CM)(KNF)

EVANGELOS J. PISTIOLIS,                          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,                                   :

             Defendants.                     :
```
-------------------------------------------------X
```

```
-------------------------------------------------X
EDWARD FRITSCHE, individually and
on behalf of all others similarly situated,      :

                    Plaintiff,                   :

             -against-                           :
                                                                    07 Civ. 00573 (CM)(KNF)
EVANGELOS J. PISTIOLIS,                          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,                                   :

                    Defendants.                  :
-------------------------------------------------X
-------------------------------------------------X
HERTA BENESCH, and JOHN BENESCH,
individually and on behalf of all others         :
similarly situated,

                                                 :

                    Plaintiffs,                  :

             -against-                           :
                                                                    07 Civ. 00726 (CM)(KNF)
EVANGELOS J. PISTIOLIS,                          :
STAMATIOS N. TSANTANIS and TOP
TANKERS, INC.,                                   :

                                                 :

                    Defendants.                  :
-------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

On December 5, 2006, plaintiff Narain Bhojwani filed a class action complaint against

defendants Top Tankers, Inc. ("TTI") and its Chief Executive Officer and President, Evangelos J.

Pistiolis, and Chief Financial Officer Stamatios, N. Tsantanis, alleging violations of Sections

10(b) and 20(a) of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. §§ 78j(b) and 78t,

4

and Rule 10(b)-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.  Subsequently, nine securities

fraud class action complaints were filed, alleging identical claims against the same defendants.

Before the Court are eight competing motions, made pursuant to 15 U.S.C. § 78u-4, seeking an

order from the court appointing a lead plaintiff and lead counsel.  Seven of the eight competing

motions seek an order consolidating the ten proposed class actions, pursuant to Fed. R. Civ. P.

42(a).  Three movants opposed the competing motions; they are addressed below.

## II. BACKGROUND

Each class action complaint, filed on behalf of purchasers of TTI common stock, alleges

that, during certain periods ending on November 28, 2006, the defendants made materially false

and misleading statements concerning TTI's internal operational controls and financial

procedures and failed to disclose adverse material facts about TTI, causing substantial losses to

TTI's shareholders.  According to the plaintiffs, TTI misrepresented its profitability and

accounted for certain oil tanker sales and lease-back transactions in a manner that inflated,

artificially, the value of TTI common stock, which putative class members purchased to their

detriment.

Stephen F. Davis, Robert C. Maison, Bernard Sampson, George Theophanous and

Ourania Theophanous, moving collectively as the "Top Tankers Investors Group," purchased

48,350 TTI shares and sold 19,310 shares between November 2, 2004, and November 28, 2006

("Class Period I").  Top Tankers Investors Group alleges it suffered losses of approximately

$344,851.50; however, after an offset for special dividend payments, the remaining loss totals

$142,064.  Top Tankers Investors Group is represented by Gardy & Notice, LLP and Milberg

Weiss & Bershad LLP.[1]

Jerry Burns ("Burns"), an individual investor, alleges he purchased 16,550 TTI shares and incurred damages in the amount of $177,342.04, or $75,967.04, after dividend payments made during Class Period I are considered.  Burns is represented by Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

Breck Jacobs ("Jacobs"), an individual investor, purchased fewer than 8,000 TTI shares during Class Period I.  He did not assert the amount of damages he suffered.  Jacobs is represented by Scott + Scott, LLC.

Joseph A. DeShayes, Jr ("DeShayes"), is an individual investor who, on behalf of his wife, Ann P. DeShayes, and as a trustee for his daughter, Susan C. Keenan, his son-in-law, Joel M. Keenan, and the family business, On Site Drapery Cleaning, Inc., which is owned by his son, allegedly purchased 325,946 shares during Class Period I and suffered damages of approximately $677,073.  DeShayes selected Schiffrin Barroway Topaz & Kessler, LLP as his counsel and Labaton & Rudolff LLP as liaison counsel.

Bryant Holdings, LLC Shareholder Group ("BH"), comprised of Bryant Holdings, LLC and Fred L. Cole, Jr. ("Cole"), asserts it suffered losses of $1,123,777.56[2] as a result of its

---

[1] Top Tankers Investors Group advised the Court that, subsequent to the filing of a May 18, 2006 indictment accusing Milberg Weiss & Bershad LLP of fraud and conspiracy to make improper payments to the named lead plaintiff(s) in a shareholder lawsuit(s), numerous courts have appointed Milberg Weiss & Bershad LLP as lead counsel or co-lead counsel in securities litigations, including this court.

[2] BH filed subsequently a corrected motion for consolidation and appointment of lead plaintiff and lead counsel, alleging corrected losses in the amount of $1,200,000.08.  However, "[c]ourts have refused to consider additional financial losses asserted by [] movants for the first time outside of [the Private Securities Litigation Reform Act's] sixty-day window."  In re NYSE
(continued...)

purchases of TTI shares during Class Period I.  BH is represented by Kahn Gauthier Swick, LLC.

Doug Corner, C.J., Imogene L. Crawley, Remo C. Cuniberti, Betty C. Gaw and William E. Powell, individual investors moving collectively as the "Top Tankers Group," purchased 25,490 TTI shares and sold 105 shares, between June 28, 2005, and November 28, 2006 ("Class Period II").  Top Tankers Group alleges it suffered a loss of $111,698, or $50,683 after dividend payments are considered.  Top Tankers Group is represented by Cohen, Milstein, Hausfeld & Toll, PLLC.

Robert B. Howard, Charles Balascio, John T. Hickey, Terry L. Spencer and Ellen J. Feldman, individual investors moving collectively as the "Top Tankers Investors," purchased 70,165 TTI shares during Class Period II and suffered aggregate losses of $454,891.82.  Top Tankers Investors selected Glancy Binkow & Goldberg LLP as its counsel.

Carlos Atik ("Atik"), an individual investor, alleges he made a net purchase of 7,280 TTI shares during Class Period II and suffered damages of approximately $32,815.  He is represented by Schatz Nobel Izard, PC.  Atik made a motion for an order appointing him lead plaintiff and approving his selection of counsel, but he did not make a motion for consolidation.  Although Atik asked to be appointed lead plaintiff in "this action" in his submissions to the court, and made reference in a proposed order to the "appointment as a 'lead plaintiff' in the above-captioned class action," it is not clear to the Court in what action it is that Atik seeks appointment

---

[2](...continued)
Specialists Sec. Litig., 240 F.R.D. 128, 138 (S.D.N.Y. 2007).  The Court joins these courts and, for the purposes of the instant motion, will disregard any supplemental trading figures submitted to the court after the time prescribed statutorily for making a motion to serve as lead plaintiff has expired.

as lead plaintiff, because the nine actions, listed in the caption of Atik's motion,[3] had not been consolidated at the time he filed his motion.  Furthermore, Atik also filed a response to competing motions, in which he concedes that he does not possess the largest financial interest in this litigation.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Therefore, Atik's motion will not be considered by the Court.

### III. DISCUSSION

*Consolidation*

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that, where multiple actions on behalf of a class asserting substantially the same claim(s) arising under SEA have been filed and any party has sought to consolidate those actions, the court shall decide the outstanding motion(s) to consolidate before appointing the most adequate plaintiff as lead plaintiff.  See 15 U.S.C. § 78u-4(3)(B)(ii).  Fed. R. Civ. P. 42(a) provides, in pertinent part: "When actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated."  A district court has broad discretion when considering whether judicial economy favors consolidation.  See Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).  In the circumstance of securities class actions, where "the complaints are based on the same 'public statements and reports,' consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced."  Id. (citation omitted).

---

[3] All movants, except Atik, seek consolidation and the appointment of a lead plaintiff and lead counsel in respect to the ten related actions. Atik omitted from the caption on his motion Drury v. Top Tankers Inc, No. 06 Civ. 15268, which complaint was filed on December 18, 2006. In addition, he failed to include John Benesch as a named plaintiff in Benesch v. Pistiolis, No. 07 Civ. 00726.

Here, all plaintiffs and movants have asserted claims premised on identical questions of law and common questions of fact, specifically that the defendants violated SEA's Sections 10(b) and 20(a) and Rule 10b-5 promulgated thereunder, by issuing materially false and misleading public statements regarding TTI's operations, internal controls and financial standing, which deceived the investors, who, by relying on those statements, suffered substantial losses. All plaintiffs and movants agree that, for the purpose of the litigation, the last date on which the defendants misrepresented TTI's situation publicly is November 28, 2006. However, not all agree about the date on which those misrepresentations began. Four complaints and five movants contend the series of false and misleading statements started on November 2, 2004, when TTI issued a press release reporting its third quarter 2004 financial results; their claims rest on identical public statements issued by TTI in violation of SEA. Six complaints and two movants contend the starting date is June 28, 2005; their claims also rest on identical public statements based on which they seek relief.

The fact that the plaintiffs and movants assert two different dates on which the pertinent misrepresentations began does not affect the common questions of law and fact contained in these actions and will not, without more, defeat consolidation. See In re Cendant Corp. Litig., 182 F.R.D. 476, 478 (D.N.J. 1998)(citing to cases in which the courts consolidated class actions despite differing class periods); Kaplan, 240 F.R.D. at 91-92. While the first of the complaints filed with the court proposed a shorter class period, and announced it in the notice published on December 11, 2006, pursuant to 15 U.S.C. § 78u-4(3)(A)(ii), a subsequent notice, published shortly thereafter by at least one movant, alleged the longer class period. No prejudice will result from designating a longer period as the class period. This is apparent because, subsequent to the

9

filing of the first of the ten complaints and the notice containing the shorter class period, other complaints and motions have been filed asserting the longer class period.  Furthermore, each movant supports consolidation and no objection has been made by any party; thus no party will be prejudiced by consolidation.  Accordingly, the Court finds that consolidating the ten proposed class actions, captioned above, based on the more inclusive class period alleged by the majority of the movants, November 2, 2004, to November 28, 2006, is appropriate.

*Appointment of Lead Plaintiff*

PSLRA governs the appointment of the lead plaintiff in "each private action arising under the [SEA] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1) and (a)(3)(B).  Within 20 days of the filing of an action, the plaintiff must publish a notice in a widely circulated national business-oriented publication or wire service, informing members of the purported class, inter alia, of their right to move the court, no later than 60 days after the notice is published, for appointment of the most adequate plaintiff as lead plaintiff.  See 15 U.S.C. § 78u-4(a)(3)(A).  As soon as practicable after a decision is rendered on consolidation, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) has either filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class, as determined by the court; and (3) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii).

*Aggregation*

Although PSLRA permits the appointment of a group of persons as lead plaintiff, courts

within the Second Circuit are divided over whether unrelated plaintiffs may join together,

aggregate their claims and compete, within the context of the rebuttable presumption, for the

designation of lead plaintiff.  See Goldberger v. PXRE Group, Ltd., No. 06-CV-3410 et al., 2007

WL 980417, at *3-4 (S.D.N.Y. Mar. 30, 2007).  Since the principal purpose of PSLRA is to

prevent lawyer-driven litigation, allowing attorneys to assemble otherwise unrelated plaintiffs as

a group and to aggregate their holdings in order to manufacture the largest financial interest,

would defeat the statute's purpose, and some courts, accordingly, disapprove aggregation.  In re

Doral Fin. Corp. Sec. Litig., 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006); see In re Pfizer Inc.

Sec. Litig., 233 F.R.D. 334, 337 (S.D.N.Y. 2005)(refusing to consider potential lead plaintiffs as

a group); In re Veeco Instruments Inc. Sec. Litig., 233 F.R.D. 330, 334 (S.D.N.Y. 2005)

(disapproving aggregation of unrelated persons who join together in the hope of "becoming the

biggest loser for PSLRA purposes"); Goldberger v. PXRE Group, LTD., 2007 WL 980417, at *5

(noting reluctancy to aggregate a group comprised of "disparate and apparently unrelated

plaintiffs"); In re Razorfish, Inc. Sec. Litig., 143 F. Supp. 2d 304, 308-12 (S.D.N.Y. 2001);  In re

Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997).

Other courts allow aggregation of unrelated investors in certain instances, for example,

"when it would be most beneficial to the class under the circumstances of a given case."  See In

re Star Gas Sec. Litig., No. 3:04CV1766, 2005 WL 818617, at *5 (D. Conn. Apr. 8, 2005); Weltz

v. Lee, 199 F.R.D. 129, 132-33 (S.D.N.Y. 2001)(citing to cases in which the courts approved

aggregation).  Nevertheless, all courts share a common concern about aggregation: "[the

11

assemblage] of unrelated investors [who have] been cobbled together as a 'group' to displace a single competing institutional investor, or a smaller, closely-related group of investors." See Barnet v. Elan Corp., PLC, 236 F.R.D. 158, 163 (S.D.N.Y. 2005). In determining whether aggregation is appropriate courts consider factors, such as: (a) the size of a group; (b) whether the group was formed in bad faith; and (c) the relationship among the parties. See id. at 162.

Here, excepting individual movants Burns, Jacobs and DeShayes, all the putative plaintiffs are aggregated into groups and the losses they contend were suffered, through their holdings in TTI, are added together for the purposes of demonstrating their financial interest in the relief sought by the class. The size of each group is not so large as to foreclose aggregation.

Although DeShayes moves individually and neither his family members nor the family business are movants in this action, he added their losses to his own. He contends his family members authorized him to move for designation as the lead plaintiff on their behalf. While no proof of that authorization was submitted to the Court with DeShayes' motion, in reply to the opposing movants, his family members submitted affidavits, in which each authorized DeShayes "to pursue this action as my legal representative, including the filing of a lead plaintiff motion in which he asserted the financial losses I suffered in my investments in Top Tankers, Inc." Each of DeShayes' family members indicated that she or he invested in TTI independently and suffered her or his own losses. However, because DeShayes' family members are not seeking to be appointed lead plaintiff as a group, the authority they have granted DeShayes to institute an action on their behalf, without more, provides no basis for the Court to allow DeShayes to aggregate his family members' losses, for the purposes of the instant motion.

Similarly, DeShayes' son, the owner of the family business, submitted an affidavit in

which he stated that DeShayes "was authorized to represent the interests and losses suffered by [the family business] as a result of its investments in Top Tankers."  That affidavit also stated that DeShayes "manages [the family business's] retirement investment account" and that, in that capacity, he "made all investment decisions regarding the purchase and sale of Top Tankers securities for [the family business's] investment account."  That DeShayes manages the family business retirement account or acts as a trustee for the family business, as he indicated in the certificate submitted with his motion, does not entitle him to add the family business' losses to his own, for the purpose of the instant motion, because the family business is not the movant in this case.  Therefore, aggregating the losses of DeShayes' family members and his family business is inappropriate.  Accordingly, DeShayes' application for appointment as lead plaintiff will be considered based solely on his own alleged losses.

BH is a two-member group.  It has asserted the largest financial interest in this action, $1,123,777.56, most of which, $1,066,524.18, pertains to Cole.  Only a small fraction pertains to Bryant Holdings, LLC, $165,115.00.  Top Tankers Group, consisting of six unrelated individuals, has asserted a loss of $111,698.  The largest loss any individual member suffered is $27,326.85 and the smallest is $5,170.80.  Losses suffered by individual members of the Top Tankers Group are at the bottom of the range of all losses asserted by the movants. Top Tankers Investors, comprised of five unrelated members, has asserted a loss of $454,891.82.  One member of Top Tankers Investors has asserted a loss of $209,610.42, which is more than two times greater than the next largest loss asserted by any other member of that group.  Top Tankers Investors Group, comprised of five members, two of whom are husband and wife, has asserted a loss of $344,851.50.  The individual members' losses, including the common loss of the married

13

couple, range from $47,892.70 to $12,757.40.

The motion papers submitted to the court by the groups seeking to be appointed lead plaintiff through the aggregation of financial interests, do not demonstrate that the unrelated members of BH, Top Tankers Group, Top Tankers Investors and Top Tankers Investors Group have anything in common except this lawsuit.  That PSLRA does not explicitly prohibit a group of persons from being appointed lead counsel is not, in the Court's view, a sufficient reason to allow otherwise unrelated group members to aggregate their losses for the sole purpose of claiming to have the largest financial interest in the relief sought by the class.  See Donnkenny Inc. Sec. Litig., 171 F.R.D. at 158.  The possibility that lawyers formed these groups "to manipulate the selection process, and thereby gain control of the litigation" is too great to be disregarded because such machinations are precisely what PSLRA was enacted to restrict.  See In re Doral Financial Corp. Sec. Litig., 414 F. Supp. 2d at 401-02; see also Goldberger v. PXRE Group, Ltd., 2007 WL 980417, at *5; H.R.Rep. No. 104-369 (1995).

In the circumstance of the instant case, the Court is not persuaded that the aggregation of holdings, by unrelated group members to form BH, Top Tankers Group, Top Tankers Investors and Top Tankers Investors Group, will advance PSLRA's objective.

*Motion in Response to Notice*

The plaintiff who filed the first of the ten complaints received by the Clerk of Court published a notice on December 11, 2006.  The remaining movants made their applications for appointment as lead plaintiff on February 9, 2007, the last date of the period prescribed statutorily for making such applications.  Therefore, each has satisfied the first of PSLRA's three procedural requirements for achieving presumptive plaintiff status.

14

*Largest Financial Interest*

Although PSLRA does not provide a method for determining which plaintiff has the largest financial interest in the relief sought by the class, in deciding that issue, courts have considered factors, such as: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered.  See Kaplan, 240 F.R.D. at 93 (citing Lax v. First Merchants Acceptance Corp., Nos. 97 C 2715 et al., 1997 WL 461036, at *5 [N.D. Ill. Aug. 11, 1997]).  Since PSLRA's objective, to prevent perceived abuses in securities fraud class actions created by lawyer-driven litigation, is best achieved when investors with the large holdings at stake, whose interests will be most strongly aligned with those of the class members, step forward to assume the responsibility of lead plaintiff in the litigation, see Bassin v. Decode Genetics, Inc, 230 F.R.D. 313, 315-16 (S.D.N.Y. 2005), some courts have accorded the fourth factor, the approximate loss suffered by the movant, the greatest weight.  See Kaplan, 240 F.R.D. at 93.

To determine a class member's approximate losses, in the context of securities class actions,  courts employ two accounting methods: "first-in, first-out" ("FIFO") and "last-in, first-out," ("LIFO").  See In re eSpeed, Inc. Sec. Litigation, 232 F.R.D. 95, 100 (S.D.N.Y. 2005).  In the FIFO method, "a class member's damages are calculated by matching her first purchases during the class period with her first sales during the class period." In re AOL Time Warner, Inc., No. MDL 1500, 02 Civ. 5575, 2006 WL 903236, at *17 (S.D.N.Y. Apr. 6, 2006).  "Under LIFO, a class member's damages are calculated by matching the class member's last purchases during the class period with the first sales made during [the class] period." Id.  Many courts

15

favor the LIFO method in securities cases because, unlike FIFO, it offsets gains accrued to the plaintiffs due to the inflation of stock prices during the class period.  See Kaplan, 240 F.R.D. at 94 n.7.  Determining the method of analysis is important "because prospective lead plaintiffs may manipulate their analysis in order to inflate their measure of damages," thereby gaining an advantage over movants who use a different method of assessing damages.  In re AOL Time Warner, Inc., 2006 WL 903236, at *18.

Burns and Deshayes have not indicated what method they used to calculate their estimated losses and Jacobs failed to assert the total losses he suffered.  As both FIFO and LIFO calculations are based on purchases and sales of stock during the class period, it is unclear to the Court why competing movants included stock transactions that occurred after the end of the class period when calculating estimated losses.  Burns has included dividend payouts in estimating his losses, while Deshayes and Jacobs have not.

Due to the unclear methodologies used to estimate losses, and the incomplete nature of the materials submitted by the movants, the Court is unable to apply either the FIFO or the LIFO method to determine who has the largest financial interest in the relief sought by the class. However, even after taking into account the probable margin of error that exists in calculating the movants' damage estimates, it appears from the face of the motion papers submitted to the court, that Burns has the largest financial interest in the relief sought by the class in this litigation.

*Fed. R. Civ. P. 23*

At this stage of the litigation, the lead plaintiff needs only to make a preliminary showing that the typicality and adequacy requirements of Fed. R. Civ. P. 23 are met.  See Weltz, 199 F.R.D. at 133.  Typicality is satisfied where the claims of the lead plaintiff arise from the same

conduct of the defendant as the claims and injuries of the other class members.  See In re Initial
Public Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002).  "The adequacy requirement is
satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the
litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class
has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  Id.

Burns satisfies the typicality requirement.  He, like the other purported class members in
this action, is alleged to have purchased TTI shares during the class period and to have been
injured by materially false and misleading representations made by the defendants, in violation of
SEA.  According to the material submitted in support of his motion, Burns satisfies the
requirements of Fed. R. Civ. P. 23 because: (a) he is represented by counsel who has experience
litigating class actions; (b) his interests are aligned with those of the purported class members;
and (c) he has a compelling interest in prosecuting this action, based on the loss he is alleged to
have suffered as a result of the defendants' conduct.  Accordingly, the Court finds that Burns is
presumptively the most adequate plaintiff to represent the interests of the purported class
members.

Burn's motion is unopposed, save for BH's contention that Burns' PSLRA certificate is
defective, because: (a) it bears an electronic signature and, thus, is not personally signed, as
required by PSLRA; and (b) it was signed pursuant to California state law, which "cannot trump
the requirements of a federal statute."  However, BH failed to make citation to any authority for
the proposition that PSLRA does not permit a plaintiff to execute a certificate by means of an
electronic signature.  Moreover, since "it is unsettled whether a candidate for lead plaintiff who
has not filed a complaint is even required to submit []a certificate," at this stage of the litigation,

17

the adequacy of the certificate should not be the determinative factor in selecting the lead plaintiff.  Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc., 229 F.R.D. 395, 407 (S.D.N.Y. 2004).   Therefore, the Court finds that BH failed to rebut the presumption that Burns should be appointed lead plaintiff in this consolidated action.

*Appointment of Lead Counsel*

PSRLA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  Burns has selected Lerach Coughlin Stoia Geller Rudman & Robbins LLP to serve as his counsel.  The firm's resume indicates that it has prosecuted numerous securities fraud class actions successfully and is otherwise qualified to undertake the responsibility and perform the function of class counsel.  Accordingly, Burns' selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel should be approved.

## V. CONCLUSION

For the reasons set forth above, the Court recommends that: (a) the ten proposed class actions, identified under the above captions, be consolidated for all purposes; (b) the caption of the consolidated actions be "In re Top Tankers, Inc. Securities Litigation;" (c) all relevant filings be maintained as one file under docket No. 06 Civ. 13761; (d) any other pending actions or those filed subsequently, in this district court, arising out of or related to the same facts alleged in the actions being consolidated, be consolidated for all purposes with the action bearing docket No. 06 Civ. 13761; (e) Jerry Burns be appointed lead plaintiff; (f) Lerach Coughlin Stoia Geller Rudman & Robbins LLP be appointed lead counsel; and (g) all other motions for appointment of lead plaintiff and lead counsel be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 640, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge McMahon. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
        June 26, 2007

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE