USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/08

**EXHIBIT A**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

IN Re TOP TANKERS, INC.
SECURITIES LITIGATION

Civil Action No. 06 Civ. 13761 (CM)(KNF)

Judge Colleen McMahon

### ORDER FOR PRELIMINARY APPROVAL AND FOR NOTICE AND HEARING

WHEREAS, a consolidated class action is pending before this Court entitled: *In re Top Tankers, Inc. Securities Litigation*, Civil Action No. 06 Civ. 13761 (CM)(KNF) (the "Action"); and

WHEREAS, the Court has received the Stipulation and Agreement of Settlement dated April 23, 2008 (the "Stipulation"), that has been entered into by Lead Plaintiff Joseph A. DeShayes, Jr. (the "Lead Plaintiff") on behalf of himself and the Class, and defendants TOP Ships Inc. (formerly TOP Tankers Inc.) ("TOPT" or the "Company"), Evangelos Pistiolis and Stamatis Tsantanis (the "Defendants") (Lead Plaintiff and Defendants are hereinafter, the "Parties"); and

WHEREAS, the Parties to the Action, having applied, pursuant to Federal Rule of Civil Procedure 23(e), for an Order seeking a class action determination herein and determining certain matters in connection with the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation entered into by the Parties, and for dismissal of the Action as against the Defendants upon the terms and conditions set forth in the Stipulation; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1.      The Court, for purposes of this Order for Preliminary Approval and for Notice and Hearing (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2.      The Court hereby certifies, for purposes of effectuating this Settlement, a Class pursuant to FED. R. CIV. P. 23 consisting of all persons and entities who purchased or otherwise acquired the common stock of TOPT between March 13, 2006 and November 29, 2006, inclusive (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement, Motion for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing (the "Notice") to be sent to the Class.

3.      Pursuant to FED. R. CIV. P. 23 and for purposes of settlement only, Lead Plaintiff Joseph A. DeShayes, Jr. is appointed as Class Representative.

4.      For purposes of a settlement Class only, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) are satisfied as: the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Class which predominate over any individual questions; the claims of Lead Plaintiff are typical of the claims of the Class; Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of all of the Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Class in individually controlling the prosecution of the separate actions, the extent and nature of any

litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5.      Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6.      The Court appoints Strategic Claims Services as Claims Administrator to supervise and administer the notice and claims procedures as set forth in the Stipulation. The Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

7.      The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

8.      The Court preliminarily approves: (1) the Settlement of the Action with respect to the Parties as set forth in the Stipulation; and (2) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action against the Defendants only based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

9.      Pursuant to Fed. R. Civ. P. Rule 23(e), a hearing (the "Settlement Hearing") shall be held on July 31, 2008, at 4:00 p.m., in the United States District Court for the Southern District of New York, the Honorable Colleen McMahon presiding, to:

3

a.     determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b.     determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

c.     determine whether the Class should be finally certified;

d.     determine whether the Final Order and Judgment With Prejudice should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Settled Claims (as defined in the Stipulation);

e.     rule on Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses;

f.     rule on Lead Plaintiff's application for reimbursement of time and expenses; and

g.     rule on such other matters as the Court may deem appropriate.

10.    The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses, without further notice of any kind to Class Members.

11.    The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification as may be consented to by the Parties and without further notice to the Class.

12.    The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose TOPT common stock are held by banks, brokerage firms, or other nominees.  TOPT shall provide all information from TOPT's transfer records concerning the identity of Class Members and their transactions within five (5) calendar days of the Court's execution of this Order required by the Claims Administrator to

4

send Notice to the Persons who can be identified through those same records (the "Notice Information"). The Notice Information should, if practicable, be provided in an MS Excel version 10 or 11 (preferred) or in ASCII fixed length field text files. Control characters such as Carriage Return/Line Feed should be appended to each line in the text files. TOPT shall bear all costs or expenses associated with providing the Claims Administrator with the above-described Notice Information from TOPT and its transfer agent's records. The Claims Administrator shall send the Notice and the Proof of Claim, substantially in the forms of Exhibits A-1 and A-2, by United States mail, postage pre-paid, to all reasonably ascertainable members of the Class, at their last known address appearing in the Notice Information. Such mailing shall occur no later than the "Notice Date," which shall be no later than ten (10) calendar days after the Claims Administrator receives the Notice Information. (May 13, 2008 is to be the Notice Date)

13.    Pursuant to the Notice, each nominee who receives the Notice shall either: (1) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within seven (7) calendar days after the nominee receives the Notice; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration describing the efforts taken to comply with this

5

order and stating that the mailings have been completed in accordance with the terms of this Order.

14.    Within ten (10) calendar days of the Notice Date, Lead Counsel shall cause to be published a Publication Notice, substantially in the form of Exhibit A-3 to the Stipulation, once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*.  Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration stating that the Publication Notice has been published in accordance with the terms of this Order.

15.    The form and content of the Notice, the Proof of Claim, and the Publication Notice, annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

16.    Any member of the Class who timely and properly objects to the Settlement, the Plan of Allocation, the application for attorneys' fees and reimbursement of expenses, and/or Lead Plaintiff's application for reimbursement of time and expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court unless on or before fifty (50) days after the Notice Date (July 2, 2008) such Person files with the Court

and serves upon counsel listed below: (1) a statement of such Person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefor or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (3) whether that Person intends to present any witnesses; and (4) the Person's purchases, acquisitions and sales of TOPT common stock made during the Class Period, including the dates, the number of shares of TOPT common stock purchased, acquired or sold, the price(s) paid or received per share of TOPT common stock for each such purchase, acquisition or sale, and whether such Person continues to hold such TOPT common stock at the time the statement of objection is served. Such filings shall be served upon the Court and the following counsel:

Katharine M. Ryan
Benjamin J. Sweet
**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087

*Lead Counsel for Lead Plaintiff*

Michael G. Bongiorno
Justina L. Geraci
**WILMER CUTLER PICKERING HALE & DORR LLP**
399 Park Avenue
New York, NY 10022

*Counsel for Defendants Top Tankers, Inc.,*
*Evangelos Pistiolis and Stamatis Tsantanis*

17.    Any Class Member who does not object to the Settlement, and/or the Plan of Allocation in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement or the Final Order and Judgment With Prejudice to be entered approving the Settlement, and the Plan of Allocation.

7

18.    Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") so that it is received by the Claims Administrator on or before fifty (50) days after the Notice Date. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases, acquisitions and sales of TOPT common stock made during the Class Period, including the dates, the number of shares of TOPT common stock purchased, acquired or sold, the price(s) paid or received per share of TOPT common stock for each such purchase, acquisition or sale, and whether such Person continues to hold such TOPT common stock at the time the statement of objection is served; (iii) the amount or number of shares of TOPT common stock held as of the beginning of the Class Period on March 13, 2006; and (4) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund.

19.    Any Class Member who wishes to participate in the Net Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the address indicated in the Notice, postmarked not later than ~~Sept. 12~~, 2008. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an

8

affirmation that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Order and Judgment With Prejudice, if entered.

20.     If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

21.     Pending final determination of whether the Settlement should be approved, all proceedings in the Action against the Released Parties, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, the Lead Plaintiff and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action asserting any claims against the Released Parties that are or relate in any way to the Settled Claims as defined in the Stipulation.

22.     The contents of the Gross Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken

9

pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Defendant or any other Person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Lead Plaintiff, any member of the Class, or any other Person, has or has not suffered any damage.

24.     Any party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, shall do so by seven (7) calendar days before the date scheduled for the Settlement Hearing.

25.     The Court authorizes payment out of the Gross Settlement Fund of notice and administration expenses in accordance with the Stipulation.

26.     The passage of title and ownership of the Gross Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

27.     The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this 28 day of April 2008.

COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

10

**EXHIBIT A-3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN Re TOP TANKERS, INC.<br>SECURITIES LITIGATION | Civil Action No. 06 Civ. 13761 (CM)(KNF)<br><br>Judge Colleen McMahon |

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
### AND FAIRNESS HEARING

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED
THE COMMON STOCK OF TOP TANKERS, INC. BETWEEN MARCH 13, 2006 AND
NOVEMBER 29, 2006, INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class

action and that a settlement for One Million Two Hundred Thousand Dollars ($1,200,000) has been

proposed. A hearing will be held before the Honorable Colleen McMahon in the United States

District Court for the Southern District of New York, Daniel Patrick Moynihan United States

Courthouse, 500 Pearl St., New York, NY 10007, Courtroom 21B, at _4_ : _00_ _P_.m., on

_July 31_____, 2008 to determine whether: (1) the proposed Settlement should be approved by the

Court as fair, reasonable and adequate; (2) Lead Counsel's application for an award of attorneys' fees

and reimbursement of expenses should be approved; (3) Lead Plaintiff should be reimbursed for his

reasonable costs and expenses (including lost wages) directly related to his representation of the

Class in the litigation; and (4) the claims against the Defendants should be dismissed with prejudice.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL

BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If

you have not yet received the full printed Notice of Proposed Settlement, Motion for Attorneys' Fees

and Reimbursement of Expenses and Fairness Hearing (the "Notice") and Proof of Claim and

Release form ("Proof of Claim"), you may obtain copies of these documents by contacting:

*In re Top Tankers, Inc. Securities Litigation*
c/o Strategic Claims Services
Claims Administrator
P.O. Box 230
600 North Jackson Street, Suite 3
Media, PA  19063
(866) 274-4004

Inquiries, other than requests for the forms of the Notice and Proof of Claim, may be made to Lead Counsel:

> Katharine M. Ryan, Esq.
> Benjamin J. Sweet, Esq.
> Schiffrin Barroway Topaz & Kessler, LLP
> 280 King of Prussia Road
> Radnor, PA 19087

To participate in the Settlement, you must submit a Proof of Claim no later than Sept. 12, 2008. If you are a member of the Class and do not submit a proper Proof of Claim, you will not share in the settlement but you nevertheless will be bound by the Final Order and Judgment entered by the Court in this litigation. As more fully described in the Notice, the deadline for submitting objections and requests for exclusion is July 2, 2008.

Further information may also be obtained by directing your inquiry in writing to the Claims Administrator, Strategic Claims Services, at the address listed above.

By Order of the Court

2