

*McMahon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN Re TOP TANKERS, INC. SECURITIES LITIGATION | Civil Action No. 06 Civ. 13761 (CM)(KNF)<br><br>Judge Colleen McMahon |

## [PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

WHEREAS, by its Memorandum Decision and Order Approving Settlement and Awarding Fees dated July 31, 2008, this Court approved the terms of the Stipulation and Agreement of Settlement dated April 23, 2008 (the "Stipulation") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $1,200,000 cash settlement proceeds have been deposited by the Defendants into an interest-bearing escrow account maintained by Sovereign Bank on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Proposed Settlement, Motion for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to the claims administrator for the Settlement, Strategic Claims Services, LLC ("SCS"), in order to participate in the distribution of the Settlement Fund was September 12, 2008; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims

being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading: (1) the Affidavit of Paul Mulholland, CPA, CVA (the "Mulholland Affidavit") of SCS; (2) the Declaration of Benjamin J. Sweet of Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin Barroway Topaz & Kessler, LLP), Lead Counsel for Lead Plaintiff and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of SCS accepting the claims as indicated on the computer printout of accepted claims submitted and described in the Mulholland Affidavit, calculated under the proposed Plan of Allocation set forth in the Notice, including claims submitted after the September 12, 2008 submission deadline, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of SCS rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the

Error! Unknown document pr...

Mulholland Affidavit be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that SCS be paid the sum of $81,999.85 from the Settlement Fund as payment for the balance of its fees and expenses incurred in connection with the administration of the Settlement, including *inter alia*: disseminating notice to the Class, processing the Proofs of Claim received, preparing tax returns for the Settlement Fund, and preparing for the distribution of the settlement proceeds to the Class; and it is further

ORDERED, that the balance of the Settlement Fund after deducting payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the Mulholland Affidavit under the proposed Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and SCS are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that, any funds remaining in the Net Settlement Fund six (6) months after the initial distribution of the Net Settlement Fund by reason of un-cashed distributions or

otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, if such re-distribution is determined to be economically feasible by Lead Counsel; and it is further

ORDERED, that, six (6) months after such re-distribution, if undertaken, or if such re-distribution is not undertaken, any funds remaining in the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit organization(s) designated by Lead Counsel after notice to the Court and subject to direction, if any, by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that SCS is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after distribution of the Net

Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3) years after distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after November 12, 2009 may be accepted only for excusable neglect on the part of the claimant, as determined by Lead Counsel.

Dated: 14 Dec , 2009

_____
THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE